UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH SMITH,<br>GEORGE R. SMITH III,<br>and ALL OTHER OCCUPANTS OF<br>105 COUNTY RD.<br>LAKEVILLE, MA 02347<br><br>      Plaintiffs,<br><br>v.<br><br>CALIBER HOME LOANS,<br>and U.S. BANK TRUST, N.A.<br><br>      Defendants. | Civil Action No. 15-13298-LTS |

ORDER

December 3, 2015

SOROKIN, J.

Plaintiffs Judith and George Smith ("Plaintiffs"), proceeding pro se, filed the Complaint in this foreclosure action on August 7, 2015 in Plymouth County Superior Court. Doc. No. 1-1. On September 4, 2015, defendants Caliber Home Loans, Inc. and U.S. Bank Trust, N.A. ("Defendants") removed the case to this Court. Doc. No. 1. On September 24, 2015, defendants filed a motion for summary judgment. Doc. No. 24. Under the Local Rules, the plaintiffs had twenty-one days to oppose the defendants' motion for summary judgment, L.R. 56.1, making their opposition due on October 15, 2015. To date, plaintiffs have made no filing opposing the motion or requesting an extension of time to oppose the motion.

On September 18, 2015, the Court scheduled a Rule 16 Schedule Conference for October 20, 2015, at 2:30 PM. Doc. No. 12. The plaintiffs did not appear at the Scheduling Conference.

1

The Scheduling Conference was held as scheduled. Doc. No. 21. As defense counsel was on the way to the Scheduling Conference, he received a call from Mr. Smith, who said that neither of the plaintiffs could make it. However, plaintiffs never sought a continuance with the Court.

On October 21, 2015, the Court ordered the plaintiffs to respond to the motion for summary judgment by November 2, 2015. Doc. No. 22. That same Order set a second Scheduling Conference for November 12, 2015, and ordered plaintiffs to appear. Id. The Order stipulated that failure to comply could lead to dismissal for failure to prosecute. Id. On November 2, plaintiffs moved for a thirty day extension to respond to the motion for summary judgment. Doc. No. 25. The Court allowed the motion in part, providing a twenty-one day extension, making the response due on November 23, 2015. Doc. No. 26.

On November 12, 2015, the Court held the Scheduling Conference, as planned. Doc. No. 34. Plaintiffs did not attend. On November 19, 2015, Plaintiffs moved for permission to utilize the Electronic Case Filing system. Doc. No. 35. The Court granted the motion the same day. Doc. No. 36. The Clerk's office confirmed that it issued George Smith a login and password on November 20, 2015. To date, Plaintiffs have yet to respond to the motion for summary judgment, nor have they requested a further extension of time to do so.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute" is well-established and "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); see Fed. R. Civ. P. 16(f), 41(b); Tower Ventures, Inc. v. City of Westfield, 296 F.3d 43, 45 (1st Cir. 2002). "[A] litigant who ignores case-management deadlines does so at his peril." Tower Ventures, 296 F.3d at 45-46 (quoting Rosario-Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir. 1998)). "Although dismissal

ordinarily should be employed only when a plaintiff's misconduct is extreme, . . . disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)[.]" Id. at 46 (internal citation omitted) (citing Cosme Nieves v. Deshler, 826 F.2d 1, 2 (1st Cir. 1987)).

Plaintiffs have twice failed to appear for the Rule 16 Scheduling Conference, including once after a specific Court Order to appear.  In neither instance did Plaintiffs ever seek leave to change the date, or otherwise explain the reason(s) for their failure to appear.  Plaintiffs failed to respond to the motion for summary judgment in the time required under the Rules.  When the Court, sua sponte, extended the time and ordered Plaintiffs to respond, Plaintiffs sought an extension to December 2, 2015, which the Court allowed up to November 23, 2015.  Plaintiffs again failed to respond within the time provided, and disregarded the Court's order to respond despite the Court permitting the pro se Plaintiffs electronic filing access.  Litigation cannot proceed when the Plaintiffs repeatedly fail or refuse to appear for Court-scheduled hearings and fail or refuse to respond to pending motions.  Accordingly, for the reasons stated in the Order issued on October 21, 2015, and herein, the case is hereby DISMISSED for failure to prosecute, and as a sanction for failing to comply with the October 21, 2015 Order.

      SO ORDERED.

        /s/ Leo T. Sorokin
      Leo T. Sorokin
      United States District Judge